UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

      v.

INCORPORATED VILLAGE OF VALLEY
STREAM,

      Defendant.
-----------------------------------------------------------x

CIVIL ACTION NUMBER 06 5049

COMPLAINT

JURY TRIAL DEMANDED

WEXLER, J.

LINDSAY, M.J.

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Salvatore Spinnichia and other similarly situated employees of the Defendant, the Incorporated Village of Valley Stream ("Valley Stream"). The Equal Employment Opportunity Commission ("EEOC") alleges that Valley Stream refused to allow Mr. Spinnichia and other similarly situated employees to accrue credit towards a "service award benefit" and to become members of the Valley Stream Fire Department Length of Service Award Program because of their age, over 65.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the

which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, the Incorporated Village of Valley Stream ("Valley Stream"), has continuously been a political subdivision of the State of New York.

5. At all relevant times, Valley Stream has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, Defendant Valley Stream has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at least 20 employees.

7. At all relevant times, Defendant Valley Stream has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

9. Since at least January 4, 1991 and continuing since Defendant Valley Stream has engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

10. Under New York State law, fire districts and/or departments may establish a "service award program" in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law §§214-219A

11. Under state law, fire districts and/or departments adopting a Service Award Program must establish an "entitlement age" at which firefighters become eligible for benefits; the entitlement age cannot be earlier than age fifty-five (55) or later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act, i.e., age sixty-five (65). New York General Municipal Law §215(4). Also under state law, the right of a firefighter to vest in a Service Award Program can be no more than five (5) years in time. New York General Municipal Law §217(b).

12. In or around March, 1991, Valley Stream adopted the "Valley Stream Fire Department Service Awards Plan" (the "Valley Stream LOSAP"), to provide a service award for

3

active volunteer firefighters with the Valley Stream Fire Department. At that time, Valley Stream established age 65 as the entitlement age, and required firefighters to have 5 years of service to vest in the Program.

13. Valley Stream Fire Department firefighters and older could not earn service award credit after they reached age 65.

14. In 2004 Valley Stream amended the Valley Stream LOSAP to allow Valley Stream Fire Department firefighters to earn service award credit without regard to age. However, Valley Stream did not provide that firefighters who turned 65 prior to the effective date of the 2004 amendment to obtain service award credit for service prior to prior to the effective date of the 2004 amendment.

15. Valley Stream asserts that pursuant to New York State law it cannot provide service award credit retroactively.

16. Between October 16, 1992 and 2004, Valley Stream discriminated against Salvatore Spinnichia and other similarly situated individuals age 65 and older by prohibiting them from becoming members of the Valley Stream LOSAP because of their age, 65 and older, and by prohibiting Salvatore Spinnichia and other similarly situated individuals age 65 and older from accruing credit towards a service award because of their age, 65 and older. As a result Mr. Spinnichia and other similarly situated individuals, all age 65 and older, either received a reduced service award or no service award at all.

17. The effect of the practices complained of in paragraphs 10 through 16 above has been to deprive Salvatore Spinnichia and other similarly situated individuals age 65 and older of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

4

18. The unlawful employment practices complained of in paragraphs 10 through 13 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Valley Stream, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees age 65 and over on the basis of age, and any other employment practice which discriminates on the basis of age, against individuals 65 years of age and older.

B. Order Valley Stream to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for individuals 65 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant an order requiring Valley Stream to desist and refrain from the practice of refusing to allow volunteer firefighters age 65 and older from becoming members of the Valley Stream LOSAP and refusing to allow volunteer firefighters age 65 and older to accrue credit toward a service award.

D. Grant a judgment requiring Valley Stream to award volunteer firefighters affected by Valley Stream's illegal policies credit toward a service award in an appropriate amount to be determined at trial.

E. Grant a judgment requiring Valley Stream to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and

prejudgment interest, to retired volunteer firefighters whose service awards were denied or reduced as a result of the acts complained of above, including but not limited to Salvatore Spinnichia.

      F.      Order Valley Stream to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to service award credit for Salvatore Spinnichia and other similarly situated employees age 65 and older.

      G.      Grant such further relief as the Court deems necessary and proper in the

public interest.

      H.    Award the Commission its costs of this action.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, NW
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Lisa Sirkin
Supervisory Trial Attorney

_____
Michael J. O'Brien (MOB-6409)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York  10004
tel:    212-336-3694
fax:   212-336-3623
e-mail: michael.obrien@eeoc.gov

7