UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,                        MEMORANDUM AND ORDER

     -against-                                   CV 06-5049 (LDW) (ARL)

INCORPORATED VILLAGE OF VALLEY
STREAM,

                Defendant.
----------------------------------------------------X

WEXLER, District Judge

      Plaintiff Equal Employment Opportunity Commission (the "EEOC") brings this action against defendant Incorporated Village of Valley Stream ("Valley Stream") alleging that between 1992 and 2003 Valley Stream discriminated against active volunteer firefighters age 65 and older by not allowing them to accrue credit toward a "service award" – a form of retirement benefit – because of their age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The EEOC moves for summary judgment on liability, and Valley Stream moves to dismiss and/or for summary judgment on liability.

I.  BACKGROUND

      In 1988, New York State enacted legislation authorizing political subdivisions to establish length of service award programs, so-called "LOSAPs," for volunteer firefighters. In March 1992, Valley Stream adopted a LOSAP for its volunteer firefighters, pursuant to which firefighters could earn points toward a service award. Under the LOSAP, an active volunteer firefighter who earned 50 points in a calendar year earned a year of firefighting service.

Firefighters who earned five years of firefighting service vested in the LOSAP. Vested firefighters earned a service award equivalent to $20 per month per year of firefighting service.

Valley Stream set the eligibility for its LOSAP at age 65. Between 1992 and 2004, Valley Stream did not allow firefighters age 65 and older to earn firefighting service because they had reached eligibility age. Thus, firefighters age 65 and older could not earn additional firefighting service, either toward membership in the LOSAP or toward an increased service award.

By public referendum in April 2004, effective January 1, 2004, Valley Stream allowed firefighters to earn firefighting service without regard to age. However, the changes to the LOSAP did not allow for retroactive credit; thus, firefighters who had reached eligibility age between 1992 and December 31, 2003 and continued employment as active volunteer firefighters could not recover lost firefighting service for those years.

Volunteer firefighters do not receive remuneration for their service, although they are provided uniforms and equipment and are eligible for various benefits, as specified in New York's Volunteer Firefighters' Benefit Law, such as worker's compensation and death benefits. See generally N.Y. Vol. Fire. Ben. Law § 1 et seq. (McKinney 1988 & Supp. 2007).

The EEOC filed this action in September 2006 for injunctive and monetary relief, alleging that Valley Stream's LOSAP discriminated against Salvatore Spinnichia ("Spinnichia") and other similarly situated individuals age 65 and older between October 16, 1992 and 2004. Spinnichia, a Valley Stream volunteer firefighter, born January 1, 1927, was not given annual service award credits at the end of each calendar year from 1993 (the year he first began receiving a service award after reaching the entitlement age of 65 on January 1, 1992) through

December 31, 2003 (when Valley Stream effectively amended the LOSAP). Spinnichia filed an EEOC charge of age discrimination on July 6, 2005, more than one year after the public referendum and the effective date of the change to the LOSAP. In response, the EEOC investigated and, on February 2, 2006, found reasonable cause that Valley Stream had violated the ADEA. After failed attempts to settle the matter, the EEOC filed this action in September 2006.

Valley Stream filed an answer, asserting various defenses. Subsequently, the parties advised the Court that they did not require any discovery in this action, and they proceeded to brief the motions now before the Court. Regarding the motions, Valley Stream argues that the EEOC's motion must be denied and that its motion must be granted because (1) the action is barred by the statute of limitations and laches; (2) its acts were "constrained" by state law; and (3) volunteer firefighters are not "employees" under or subject to the ADEA.

## II. DISCUSSION

A. Statute of Limitations and Laches

Regarding the statute of limitations, Valley Stream argues that an EEOC action is subject to the two/three-year (three years for wilful violations) statute of limitations applicable to claims under the Fair Labor Standards Act ("FLSA"), as provided in section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255. Valley Stream maintains that because any violation here of the ADEA was not wilful, the action is barred in its entirety by the two-year limitations period. The EEOC argues that § 255 does not apply to an EEOC action under the ADEA. The Court agrees with the EEOC.

Prior to 1991, private actions and EEOC actions under the ADEA were subject to the time limitations of § 255, which was incorporated by reference into ADEA § 626(e). However, Congress, in the Civil Rights Act of 1991, amended ADEA § 626(e) by deleting the reference to § 255 and by imposing on private actions a requirement that suit be filed no later than 90 days after receipt of a right-to-sue letter from the EEOC. As a result, § 255 no longer applies to private actions, see Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 258-59 (8th Cir. 1995), and the amended statute of limitations of ADEA § 626(e) does not apply to EEOC actions, see EEOC v. Venator Group, Specialty, Inc., 2002 WL 181709, *2 (S.D.N.Y. Feb. 5, 2002). In Littell, an employee sued his former employer claiming he was terminated based on age in violation of the ADEA. The district court dismissed his action as time-barred under the 90-day limitations period. On appeal, he conceded that the amended version of the ADEA applied to his action, but he argued that the amendment did not eliminate applicability of the former limitations period of § 255. In rejecting his argument, the Eighth Circuit explained:

> The amended provision provides that a complaint may be filed within 90 days after the complainant received a "right-to-sue" letter from the EEOC, regardless of how long after the alleged violation the letter was received. Section 626(b), however, remains unaltered, and according to appellant, still imports into the ADEA the two/three-year limitations period created by 29 U.S.C. § 255. Section 626(b) adopts the "procedures" set forth in 29 U.S.C. § 216 of the FLSA. Section 216(c), in turn, incorporates "the statutes of limitations provided in section 255(a) of [the FLSA]," which sets forth the two/three-year limitations period. According to appellant, Congress' decision to leave § 626(b) in tact, along with its circuitous reference to § 255, preserves the two/three-year limitations period, notwithstanding its specific deletion in § 626(e).
>
> We find no merit to this argument. It is significant that under the 1991 Act, Congress deleted the only direct reference to § 255 and thus to the two/three-year limitations period. Moreover,

>       in place of the deleted § 255 reference, Congress expressly added
>       the plain language that ADEA actions "may be brought . . . within
>       90 days after the date of the receipt of . . . notice" from the EEOC.
>       Adopting appellant's reading of the statute would require us to
>       conclude that § 626(e)'s former explicit reference to § 255 was
>       mere surplusage by virtue of the indirect reference to § 255 in
>       § 626(b). We reject this argument and instead hold that the
>       amendment to § 626(e) effectively eliminated the two/three-year
>       statute of limitations period and the plain meaning of the statute
>       now provides that failure to file suit within ninety days after the
>       receipt of a notice from the EEOC renders a plaintiff's action
>       untimely.

Littell, 62 F.3d at 259 (citations omitted).

In an argument similar to the one raised and rejected in Littell, Valley Stream argues that § 255 continues to apply to EEOC actions under the ADEA – even if it no longer applies to private actions – because the EEOC's authority to bring an ADEA action derives from 29 U.S.C. § 626(b), which incorporates by reference the FLSA's statute of limitations. Valley Stream further argues that, although the EEOC does not need the filing of an administrative charge to bring an ADEA action seeking monetary relief, where "a subsequent EEOC action arises out of the filing of a charge, the EEOC may only remedy the wrong that occurred within 300 days preceding the filing of a charge," Defendant's Memorandum of Law in Support of Its Motion to Dismiss and/or for Summary Judgment ("Def. Mem."), at 12, relying on the Supreme Court's recent decision in Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162 (2007), and EEOC v. Oilgear Co., 250 F. Supp. 2d 1193, 1196 (D. Neb. 2003) (finding failure-to-promote claim brought in EEOC action against employer for discrimination of employee was untimely given employee's failure to assert that claim within 300-day time limitation). Thus, Valley Stream maintains, because Spinnichia's charge was untimely, the EEOC's filing also is untimely. The EEOC relies on the rationale of Littell, and argues that Valley Stream's reliance on Ledbetter is

misplaced and that Oilgear Co. incorrectly applied the 300-day time limitation to an EEOC action. The Court agrees with the EEOC's position.

Given that the 1991 amendment effectively eliminated the applicability of the two/three-year statute of limitations, this Court rejects Valley Stream's circuitous and tenuous argument for the applicability of this limitations period to this EEOC action. See, e.g., EEOC v. Tire Kingdom, Inc., 80 F.3d 449, 451 n.1 (11th Cir. 1996) (noting that § 255 statute of limitations no longer applies to EEOC actions after 1991 amendment to ADEA § 626(e)); EEOC v. Indep. Sch. Dist. No. 834, 430 F. Supp. 2d 901, 905-06 (D. Minn. 2006) (rejecting argument that two/three-year statute of limitations applies to EEOC action, based on Eighth Circuit's holding in Littell); EEOC v. AT&T Co., 36 F. Supp. 2d 994, 995-97 (S.D. Ohio 1998) (finding "no specific statute of limitations with respect to claims brought by the EEOC under the ADEA"). Moreover, Ledbetter does not support Valley Stream's argument. In Ledbetter, the Supreme Court held that a private employee who did not file a charge within the filing period required by Title VII of the Civil Rights Act of 1964 (in that case, 300 days) could not bring suit under Title VII. The Ledbetter decision addressed the timeliness of a private action, not an EEOC action. More importantly, Ledbetter does not suggest that an EEOC action under the ADEA is dependent upon or otherwise limited by the filing of an employee charge; indeed, the EEOC has independent authority to investigate and litigate age discrimination under the ADEA. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) ("[T]he EEOC's role in combating age discrimination is not dependent on the filing of a charge."); see also Tire Kingdom, Inc., 80 F.3d at 451 ("[T]he ADEA grants the [EEOC] broad power to investigate, and nothing in its language suggests that this power is dependent upon the filing of an employee charge."); Indep. Sch. Dist.

No. 834, 430 F. Supp. 2d at 905 (rejecting argument that EEOC action is time-barred if individuals for whom it seeks relief are time-barred from bringing their own claims "because the EEOC's ability to file an action against [an employer] is not contingent upon the timing of filings and actions by the individual [employees]").

The Court finds that, contrary to Valley Stream's urging, or any suggestion in Oilgear Co. that an untimely filing by an individual employee bars a subsequent EEOC action, the EEOC's action here is not dependent upon or limited by the timeliness of Spinnichia's individual filing.

Regarding its laches defense, Valley Stream argues that even if this action is not time-barred, "the doctrine of laches could weed out old and stale cases to prevent injustice," relying on the Ledbetter dissent, see Ledbetter, 127 S. Ct. at 2162 ("Doctrines such as 'waiver, estoppel, and equitable tolling' 'allow us to honor Title VII's remedial purpose without negating the particular purpose of the filing requirement, to give prompt notice to the employer.' " (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982))). Def. Mem. at 14. The EEOC argues that laches is not available as a defense against an agency of the United States, such as the EEOC. The EEOC acknowledges, however, that the Supreme Court recognized, without citing to the doctrine of laches, that a court may provide relief to a defendant (there, a Title VII defendant) who is significantly handicapped in making his defense because of inordinate delay, even in an EEOC action. See Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 373 (1977); AT&T Co., 36 F. Supp. 2d at 997. Even if laches applies, the EEOC maintains, Valley Stream fails to satisfy the showing necessary for laches, namely, unreasonable lack of diligence by the EEOC in bringing suit and prejudice resulting from that delay, see, e.g., King v. Innovation

Books, 976 F.2d 824, 832 (2d Cir. 1992) ("A party asserting the equitable defense of laches must establish both plaintiff's unreasonable lack of diligence under the circumstances in initiating an action, as well as prejudice from such a delay.").

Upon consideration, the Court finds that, contrary to Valley Stream's suggestion, the record presented does not establish circumstances warranting dismissal for inordinate delay and resulting prejudice.

Accordingly, this action is not barred by the statute of limitations, and Valley Stream fails to establish that dismissal is warranted based on laches.

B. Acts "Constrained" by State Law

Valley Stream argues that it was "constrained" by state law to either adopt a LOSAP that did not provide benefits to firefighters age 65 and older or adopt no LOSAP at all, purportedly because in adopting a LOSAP it was required to adopt an "entitlement age," as defined under New York General Municipal Law § 215(4). This section defines "entitlement age" as

> the age designated by the sponsor at which a program participant is entitled to begin receiving an unreduced service award. In no event shall the entitlement age under a program be earlier than age fifty-five nor later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act. No service award program may provide for the payment of benefits (except in the case of death or disability) before age fifty-five.

N.Y. Gen. Mun. Law § 215(4) (McKinney Supp. 2008) (citation omitted). The EEOC argues that Valley Stream's purported "obedience" to state law is not a defense, as it imposed no such constraint on Valley Stream.

The Court agrees with the EEOC that Valley Stream's purported defense does not warrant dismissal of this action. As the EEOC maintains, General Municipal Law § 215(4)

requires a LOSAP to have an eligibility age; it does not provide that volunteer firefighters who reach the eligibility age cannot continue to earn firefighting service.

C. <u>Volunteer Firefighters as "Employees" Under the ADEA</u>

As for whether Valley Stream's volunteer firefighters are "employees" under the ADEA, Valley Stream contends they are not and the EEOC contends that they are. Valley Stream maintains that its Board of Trustees does not recruit, interview, or hire volunteer firefighters. These functions, it maintains, are within the exclusive domain of the Valley Stream Fire Council – the governing body of the Valley Stream Volunteer Fire Department. It further maintains that it does not pay volunteers any wages or salary, withhold social security taxes or other payroll taxes, or provide benefits to them that it customarily provides to its employees, such as medical and health benefits. The EEOC maintains that Valley Stream's volunteer firefighters are employees, given the significant benefits provided through the LOSAP and required by state law, <u>see</u> <u>generally</u> N.Y. Vol. Fire. Ben. Law § 1 <u>et</u> <u>seq.</u> (McKinney 1988 & Supp. 2007), and that, because Valley Stream controls the LOSAP through its Board of Trustees, it is responsible for any discrimination in providing that benefit.

In support of its position, Valley Stream relies on <u>Keller v. Niskayuna Consolidated Fire District 1</u>, 51 F. Supp. 2d 223, 229-32 (N.D.N.Y. 1999). In <u>Keller</u>, a female applicant sued a fire district, board of fire commissioners and fire district chief for sex discrimination under Title VII. In granting a motion to dismiss the action, the district court held, <u>inter</u> <u>alia</u>, that volunteer firefighters "cannot be considered employees under Title VII as a matter of law." <u>Id.</u> at 232. By contrast, the EEOC relies on <u>Pietras v. Board of Fire Commissioners</u>, 180 F.3d 468, 472-73 (2d Cir. 1999), in which the Second Circuit upheld the district court's factual finding (after a bench

trial) that the plaintiff, Pietras, a probationary volunteer firefighter asserting a claim for disparate impact sex discrimination, was an employee under Title VII. In so holding, the Second Circuit reiterated that the "question of whether someone is or is not an employee under Title VII usually turns on whether he or she has received 'direct or indirect remuneration' from the alleged employer." Id. at 473 (quoting O'Connor v. Davis, 126 F.3d 112, 116 (2d Cir.1997)). The Second Circuit reasoned that an "employment relation within the scope of Title VII can exist even when the putative employee receives no salary so long as he or she gets numerous job-related benefits." Id. The court held that "a non-salaried volunteer firefighter's employment status under Title VII is a fact question when that firefighter is entitled to significant benefits." Id. Noting the benefits received by Pietras, as provided in the New York Volunteer Firefighters' Benefit Law, the Second Circuit concluded that the district court did not clearly err in finding that Pietras was an employee under Title VII. See id.

In determining whether a Valley Stream volunteer firefighter is or is not an employee under the ADEA, this Court looks to the same framework provided by the Second Circuit for determining whether someone is an employee under Title VII. As the parties concede, the ADEA definition of "employee" is the same as the Title VII definition. See Dresher v. Shatkin, 280 F.3d 201, 203 (2d Cir. 2002); Butler v. New York State Dep't of Law, 211 F.3d 739, 747 (2d Cir. 2000); compare 29 U.S.C. § 630(f) (defining "employee" under ADEA as "an individual employed by any employer") with 42 U.S.C. § 2000e(f) (defining "employee" under Title VII as "an individual employed by an employer"). In light of that framework, and given that the benefits received by a Valley Stream volunteer firefighter are the same as those found to be "significant" in Pietras, see generally N.Y. Vol. Fire. Ben. Law § 1 et seq. (McKinney 1988 &

Supp. 2007), the Court finds that the question of whether such a volunteer is an employee under the ADEA in relation to Valley Stream and its LOSAP raises genuine issues of material fact precluding the entry of summary judgment. See Fed. R. Civ. P. 56(c) (party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224-25 (2d Cir. 1994). Accordingly, the EEOC's motion for summary judgment on liability is denied, and Valley Stream's motion to dismiss and/or for summary judgment is denied.

### III.  CONCLUSION

For the above reasons, the EEOC's motion for summary judgment on liability is denied, and Valley Stream's motion to dismiss and/or for summary judgment is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 7, 2008